09-1083-ag
Wang v. Holder

BIA
Lamb, IJ
A097 663 623

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4ᵗʰ day of March, two thousand ten.

PRESENT:
>    JOSÉ A. CABRANES,
>    PETER W. HALL,
>    GERARD E. LYNCH,
>         *Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––

YA LING L. WANG,
>    *Petitioner,*

>    v.                                    09-1083-ag
>                                          NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
>    *Respondent.*

––––––––––––––––––––––––––––––––––––––––

FOR PETITIONER:        Dehai Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Anthony P. Nicastro, Senior
                       Litigation Counsel; Andrew N.
                       O'Malley, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ya Ling L. Wang, a native and citizen of the People's Republic of China, seeks review of a March 13, 2009, order of the BIA affirming the March 8, 2007, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ya Ling L. Wang,* No. A097 663 623 (BIA Mar. 13, 2009), *aff'g* No. A097 663 623 (Immig. Ct. N.Y. City Mar. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at

167. The IJ found Wang not credible based on: (1) her inconsistent testimony regarding where police allegedly found a list of persons, including Wang, who distributed Falun Gong flyers; (2) her hesitation and confusion in answering questions throughout her testimony; and (3) her deficient corroboration of her claim that she practices Falun Gong in the United States. The BIA further noted that the affidavit from Wang's father omitted Wang's claim that officials found Falun Gong materials while searching her parents' home. In her brief, Wang argues that the adverse credibility determination was based on the BIA's identification of one minor omission. But this argument ignores several of the IJ's findings which stand as valid bases for her adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147-48 (2d Cir. 2008). Moreover, the IJ reasonably declined to afford evidentiary weight to the photographs Wang submitted depicting her allegedly practicing Falun Gong. *See Xiao Ji Chen v. U.S. Dep't Of Justice*, 471 F.3d 315, 342 (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Finally, we defer to the IJ's assessment of Wang's demeanor.

3

*See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Accordingly, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B). Because Wang's claims were all based on the same factual predicate, the agency's denial of her application for asylum, withholding of removal, and CAT relief was proper. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk